UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| BRYAN PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | Action No. 5:14-cv-94-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| LOCAL 227 UFCW, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

** ** ** ** **

This matter is before the Court upon various motions, including: the motion to dismiss by United Food and Commercial Workers Local 227 ("Local 227"), Gary K. Best, and Chris Sanders, [DE 21]; the motion to dismiss by Kroger[1] and Sean Stallard, [DE 36]; the motion to dismiss by Joseph Hensen[2] and Kevin Sullivan, [DE 39]; Defendants' motion to strike Plaintiff's second and third responses to Defendants' motion to dismiss, [DE 47]; Plaintiff's motion to amend the complaint to add an additional defendant, [DE 27]; and Kroger's motion for

---

[1] In its Motion to Dismiss, Kroger Limited Partnership I notified the Court that Price had incorrectly designated it as "The Kroger Company." For the sake of simplicity, the Court will simply refer to the defendant here as "Kroger."

[2] In his Motion to Dismiss, Hensen reports that his name is Joseph Hanson and that Plaintiff has incorrectly designated him as "Joseph Hensen."

leave to seal a document, [DE 37].  The time for briefing is complete and the Court has considered each of these motions.

## I.

Price, proceeding pro se, filed a complaint and an amended complaint in which he named Local 227 and the International Office of United Food and Commercial Workers ("Int'l UFCW"), as well as several individual officers, as defendants.  While the basis of the claims is not entirely clear, Price alleged that the Unions failed to represent him adequately with respect to his employment dispute with Kroger.  Price then filed an additional pleading, adding claims against Kroger for wrongful discharge and breach of contract.  Subsequently, Price filed a final amended complaint in which he added a claim of slander against both Unions and Kroger.

Based on Price's pleadings and the attachments thereto, the Court ascertains the following:  Price filed an EEOC charge against Kroger in December 2004, claiming that Kroger discriminated against him unlawfully during his employment. Price also claims that Kroger terminated his employment in March 2005 in retaliation for his having filed the earlier charge. Following his termination, Price filed a second EEOC charge, which resulted in a settlement with Kroger in early 2006.  Some

eight years later, apparently unsatisfied with the outcome of the settlement, Price filed this action.

## II.

To survive a motion to dismiss, a plaintiff must demonstrate "a claim to relief that is plausible on its face." *Bell Atl. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff's allegations must be sufficient to raise his or her claims above a speculative level. *Id.* Neither "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" nor "the mere possibility of misconduct" is sufficient. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009). In considering a motion to dismiss, the Court may rely on documents attached to or referred to in a complaint without converting the motion into a motion for summary judgment, as documents attached to pleadings are considered part of the pleading itself. *See Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir. 1997); *Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir. 1997); *see also* Fed. R. Civ. P. 10(c).

## III.

The Court begins by addressing Price's claims of breach of the Unions' duty of fair representation and Kroger's breach of

contract—presumably, the collective bargaining agreement.[3]  While § 301 of the Labor Management Relations Act does not provide a statute of limitations, the Supreme Court has said that a six-month limitations period applies to these claims.  *See Potts v. Am. Bottling Co.,* 595 F. App'x 540, 543 (6th Cir. 2014) (citing *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 169 (1983)).  Generally, the statute of limitations begins to run when the plaintiff "knows or should have known of the union's alleged breach of its duty of fair representation." *Bowerman v. Int'l Union Auto.,* 646 F.3d 360, 366 (6th Cir. 2011).

Price filed this action on March 11, 2014.  The most recent conduct complained of in Price's complaint occurred in 2007—"Chris Sanders failed to represent me on December 12, 2007." Additionally, the most recent date mentioned in Price's complaint is June 3, 2008, when Price avers that he "went to the National Labor Relations Board about [Sanders]."  DE 8, ID# 48. Accordingly, the six-month statute of limitations has long expired and no relief can be granted upon these claims. Further, Price has failed to state a timely claim for breach of the collective bargaining agreement, as Price has not worked for Kroger since 2005.  Additionally, he entered into a binding

---

[3] Price has alleged no facts to suggest the existence of any other contract except a collective bargaining agreement and, of course, the settlement agreement that resulted after the termination of Price's employment.

4

settlement agreement with Kroger in 2006, releasing all claims arising from the employment relationship.[4]   Thus, the breach of contract claim against Kroger is not only time barred—it is also barred by the settlement agreement.

Price's slander claims are also barred by the applicable statute of limitations.   Under Kentucky law, such claims must be brought within one year of publication of a defamatory statement.   K.R.S. § 413.140(1)(d); *Caslin v. Gen. Elec. Co.*, 608 S.W.2d 69, 70 (Ky. Ct. App. 1980).   As stated above, the most recent date mentioned in the complaint is in 2008.   And even if Price's claims of slander were not time-barred, Price fails to put sufficient flesh on his bare bones allegations and they would fail for that reason, as well.   *See McBrearty v. Ky. Cmty. & Tech. Coll. Sys.*, 262 S.W.3d 205, 213 (Ky. Ct. App. 2008) (describing required elements for slander action). Accordingly, his slander claims shall be dismissed.

The Court notes that Int'l UFCW has failed to move to dismiss the claims against it.   Upon a review of the record, however, it is appears that Int'l UFCW was never served properly and, thus, dismissal without prejudice would be appropriate

---

[4] Price filed a separate employment-discrimination suit against Kroger in this Court, which was dismissed on March 30, 2015. No. 5:14-cv-257-JMH.   The Court determined that, based on the Voluntary Settlement Agreement and Release and the Negotiated Settlement Agreement that Price had entered into with Kroger, his discrimination and retaliation claims against Kroger were barred.   DE 19.

pursuant to Federal Rule of Procedure 4(m). In light of the foregoing analysis, however, the Court is of the opinion that dismissal with prejudice is appropriate. Accordingly, Price will be ordered to show cause why the claims against Int'l UFCW should not be dismissed with prejudice for the reasons given in this opinion.

Price moves for leave to amend his complaint to add an additional defendant—"Larry Plumb, President UFCW Regional Council 4." Although leave to amend is to be granted freely, it will not be granted when the proposed amendment would be futile. *See Hoover v. Langston Equip. Assocs., Inc.,* 958 F.2d 742, 745-46 (6th Cir. 1992). Price failed to tender a proposed amended complaint along with his motion, so the Court can only assume that he intends to allege the same claims against Plumb as the rest of the union officials. For the reasons already discussed, however, these claims fail. Accordingly, amending the complaint to add Plumb as a defendant would be futile and will not be permitted.

Defendants' motion to strike Price's second and third responses to Defendants' motion to dismiss will be granted, as such filings are not authorized by the Joint Local Rules of Civil Practice and Price did not seek leave of Court to file additional briefing. While pro se litigants may be given more

6

flexibility with respect to the Court's procedural requirements, there are no extraordinary circumstances present in this case that warrant a sur-reply, let alone two. *See Douglas v. City of Richmond,* No. 5:09-cv-175-JMH, 2009 WL 3447285, at *1 (Oct. 22, 2009 E.D. Ky.).

Kroger has also moved to file Exhibit A to its motion to dismiss under seal. Exhibit A is a settlement agreement, which contains a confidentiality provision. Having carefully considered this request, the Court concludes that the exhibit should be filed under seal. Accordingly, Kroger's motion to file Exhibit A under seal will be granted.

Accordingly, **IT IS ORDERED:**

(1) that the Motion to Dismiss by UFCW Local 227, Gary Best, and Chris Sanders, [DE 21], is hereby **GRANTED;**

(2) that Plaintiff's Motion to Amend Complaint, [DE 27], is hereby **DENIED;**

(3) that the Motion to Dismiss by Kroger and Sean Stallard, [DE 36], is hereby **GRANTED;**

(4) that the Motion for Leave to Seal a Document, [DE 37], is hereby **GRANTED;**

(5) that the Motion to Dismiss by Joseph Hensen and Kevin Sullivan, [DE 39], is hereby **GRANTED;**

(6) that the Motion to Strike, [47], Price's Responses located at Docket Entries 43 and 44 is hereby **GRANTED;** and

(7) that Plaintiff Bryan Price shall **SHOW CAUSE** on or before **April 24, 2015,** why his claims against International Office of UFCW should not be dismissed with prejudice.

This the 10th day of April, 2015.

Signed By:

_Joseph M. Hood_

Senior U.S. District Judge